PANDORA, The (EMERSON v.). See Case No. 4,442.

PANHORST (NEWARK SAV. INST. v.). See Case No. 10,142.

---

## Case No. 10,707.

### PANNILL v. ELIASON et al.

[3 Cranch, C. C. 358.] [1]

Circuit Court, District of Columbia. Dec. Term, 1828.

DEPOSITION—CAPTION—EVIDENCE—PRINCIPAL AND AGENT—PROOF OF AGENCY.

1. In a joint action against two, if one only be taken, and an alias capias issued against the other from term to term, and, before he be arrested, a deposition be taken on the part of the plaintiff, by consent of the defendant, who was first taken with an agreement that it should be read at the trial; and if, in the caption of the deposition, one only of the defendants be named, and afterwards the other be taken, the deposition may be read at the trial against both defendants.

2. An agent is a competent witness to prove his own authority as agent.

Assumpsit against John Eliason and Joel Brown, joint merchants, trading under the firm of Eliason & Brown, for goods sold and delivered, &c. While the suit was pending upon the docket, after the arrest of Eliason, and before that of Brown, who was not taken until several terms had elapsed after the arrest of Eliason, the deposition of one Thompson Cockerell was taken on the part of the plaintiff by consent, with an agreement of counsel on the part of the plaintiff and the defendant Eliason, that it should be read in evidence at the trial. In the caption of the deposition the action was stated to be "George Pannill v. John Eliason." Brown having been taken, and having pleaded, and the cause having come on to trial against both defendants.

C. C. Lee, for plaintiff, offered to read the deposition in evidence to the jury.

Mr. Coxe and Mr. Marbury objected that it did not appear to be taken in this suit, which is against both; but purports to be taken in an action against Eliason only.

But THE COURT (THRUSTON, Circuit Judge, absent) overruled the objection, and suffered the deposition to be read.

The defendants' counsel then contended that the witness was not competent to prove his own authority to sign receipts for wheat delivered by the plaintiff to the defendants. 1 Phil. Ev. 95; 4 Starkie, Ev. 55, 1730.

But THE COURT (nem. con.) upon the authority cited in Pal. Ag. 245, said he was competent.